■ PATRICIA LYNN N., Appellant-Respondent, v VINCENT MICHAEL N., Respondent-Appellant.—In an action for a divorce and ancillary relief (1) the plaintiff wife appeals, (a) as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), dated October 20, 1986, as denied her visitation with the infant issue of the marriage, limited her award of child support to $75 per week with respect to her child from a former marriage which the defendant adopted, distributed the proceeds of the sale of the marital residence, and denied her application for attorney's fees, (b) as limited by her notice of appeal and brief, from the above-stated portions of an amended judgment of the same court, dated January 15, 1987, and (c) from an order of the same court, entered June 30, 1987, granting the defendant husband's motion for leave to enter a judgment for $10,500, representing his equitable share of the furnishings of the marital residence, and (2) the defendant husband cross-appeals, as limited by his notice of appeal and brief, from so much of the judgment dated October 20, 1986, and the amended judgment dated January 15, 1987, as ordered him to pay the plaintiff $75 per week for the support of his adoptive son.

Ordered that the appeal and cross appeal from the judgment are dismissed, as that judgment has been superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law, by deleting the provision thereof directing that "the sum of $25,000.00 paid by defendant individually from his own funds"

be deducted from the proceeds of the marital residence to reimburse the defendant; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order entered June 30, 1987, is reversed, on the law, and the defendant's motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On the record before us it cannot be said that the court's denial of the plaintiff's application for visitation was not in the best interests of the children (see, Matter of Nathaniel T., 97 AD2d 973). The court responded appropriately to the allegations of sexual abuse by the plaintiff's son from a previous marriage, which were credited by the psychiatrists who examined the children, as well as to the reports of the ill effects that supervised visitation with the plaintiff had had on the children. We note, however, that in general the best interests of the children lie in their being nurtured and guided by both natural parents, and that some sort of visitation may now be appropriate in order that a meaningful, nurturing relationship may be developed between the noncustodial parent and her children (see, Weiss v Weiss, 52 NY2d 170; Daghir v Daghir, 82 AD2d 191, 193, affd 56 NY2d 938; Twersky v Twersky, 103 AD2d 775). We note that the record before us is now almost three years old, and that the plaintiff may, if she be so advised, make an application for visitation if she believes that a change in circumstances has occurred.

With respect to the economic provisions of the judgments appealed from, we agree with the plaintiff that the court erred in providing that the defendant is entitled to $25,000 from the net proceeds of the sale of the marital residence before those proceeds are equally divided between the parties. Contrary to the court's determination, the evidence adduced established that the $25,000 deposit referred to, although withdrawn from the defendant's account, was marital property (see, Domestic Relations Law § 236 [B] [1] [c]). Thus, the defendant is not entitled to reimbursement of that amount.

The court also erred in granting the defendant leave to enter a judgment for $10,500, purportedly representing his equitable share of the value of the parties' furniture. Although the plaintiff clearly violated a previous court order by removing furniture from the marital residence, the existence of issues of fact as to which furniture was removed and the

value of that furniture precludes the entry of judgment at this time.

Neither the court's determination as to child support for the defendant's adoptive son nor the court's determination that each party should pay his or her own attorney's fees constitutes an improvident exercise of discretion (see, Domestic Relations Law §§ 236 [B] [7]; § 237 [a]).

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.