MAXINE HERB, Appellant-Respondent, *v.* JOSEPH HERB, Respondent-Appellant.

Fourth Department, July 9, 1959.

*Michael P. Geraci* for appellant-respondent.

*Benjamin L. Berger* for respondent-appellant.

*Per Curiam.* In 1946 plaintiff was granted a decree annulling the marriage between her and the defendant. The custody of an infant daughter was awarded to plaintiff and defendant was directed to pay a stated amount monthly for the support of the child. The decree contained no provision giving defendant visitation rights. In this proceeding plaintiff sought, among other things, the following relief: (1) to punish defendant for contempt in failing to make the payments; (2) to direct the entry of a money judgment against defendant for the amount of the claimed arrearages; (3) to modify the judgment to increase the amount of future monthly payments.

The husband opposed the application. In an answering affidavit he alleged that he complied with the decree until plaintiff denied him the right to visit the child. He also alleged that the child was in the custody of plaintiff's mother; that the plaintiff lived in a separate apartment, worked in a bar "wherein she spends considerable time over and above her normal working hours." It is further alleged that plaintiff spends considerable time in Florida and at one time resided there continuously for three years. The defendant in substance requested custody of the child and asked for an investigation of the matter.

There was thus presented to Special Term not only the subject of contempt and a money judgment but the paramount issue

of the welfare of the child. When the proceeding was returned no testimony was taken but the parties through their respective attorneys stipulated that an investigation be made by a private agency. The court followed this stipulation by a letter to the agency in which it was stated that the "report shall be confidential and not subject to perusal by any of the parties or by the attorneys."

Subsequently the order appealed from was made. There is no reference therein to any report of the agency but both parties concede that the provisions relating to custody and visitation rights were based upon the confidential report to the court. The order continued custody with the mother and denied defendant all rights to visit or see the child or to have the child spend any summer vacation period with her father. Thus, the appeal in this court was argued in a vacuum. The confidential report of necessity is not in the record, neither party knows the contents thereof and therefore are not in a position to argue whether the decision was right or wrong.

We recognize the limitations and handicaps of the Supreme Court in passing upon such issues. It has no investigative or consultative staff. All of these deficiencies have been highlighted in recent years by those advocating the establishment of a State-wide Family Court. Thus, the Judicial Conference in its Recommendations for the Reorganization of the Courts made to the Governor on November 10, 1958, in recommending the establishment of such a court wrote as follows: "There is almost unanimous sentiment in the State, both from legal and social agencies, that the proper disposition of matters affecting the family requires the establishment of a separate Family Court with broad jurisdiction and adequate ancillary services to deal properly with the many facets of family problems in a uniform way throughout the entire State." (Fourth Annual Report of N. Y. Judicial Conference, 1959, p. 89.)

Until such time, however, as these proposed changes are made matters of custody of infants and visitation rights must be governed by recognized legal principles and procedures. The action taken by Special Term cannot be approved. "To paraphrase the language of Judge CARDOZO in *Finlay* v. *Finlay* (240 N. Y. 429, 433–434), the court acts as *parens patriæ* to do what is best for the interest of the child and puts itself in the position of a 'wise, affectionate and careful parent'; the court does not determine 'rights' as between a parent and a child or as between one parent and another; the court interferes for the protection of infants, qua infants, by virtue of the prerogative

which belongs to the State as *parens patriæ*." (*People ex rel. Meredith* v. *Meredith*, 272 App. Div. 79, 82.)

We do not attempt to unduly circumscribe the efforts of Special Term to obtain independent advice and information in deciding these troublesome issues. We see the necessity, however, for certain minimal requirements. The evidence upon which the court acts should be known by the parties to the proceeding. It is a fundamental concept of our judicial process that decisions in civil actions and proceedings should not be made upon secret evidence available only to the eyes of the trial judge and members of an appellate tribunal. It is deemed necessary not only for individual security but also in the public interest that litigants should have available the evidence upon which such decisions are made. Moreover, parents may not stipulate that a decision involving the welfare of an infant may be made upon information available only to the court.

Lastly, in a proceeding of this kind a hearing should be held. (Cf. *Matter of Grose* v. *Grose*, 7 A D 2d 961; *Matter of Hicks* v. *Bridges*, 2 A D 2d 335, 340; *Coman* v. *Coman*, 2 A D 2d 671; *Cameron* v. *Cameron*, 2 A D 2d 979.) The allegations in the defendant's affidavit that the infant has not been in the care and custody of the mother for several years are uncontradicted. There are also intimations therein that the mother has little or no interest in the child. Furthermore the sweeping denial of the right of the father to visit or see the child is a drastic decision that should be based upon substantial evidence. Upon such a hearing the report of the agency may be used only as an aid to the court but it should not become a part of the record and cannot form the basis for an order. Otherwise the court would be abdicating its legal duty as an officer of the State judicial system. (Cf. *Gluckstern* v. *Gluckstern*, 17 Misc 2d 83, affd. 3 A D 2d 999, affd. 4 N Y 2d 521.) (Generally on this subject, see 24 U. of Chi. L. Rev., pp. 349-360; Gellhorn, Children and Families in the Courts of New York City, pp. 328–333.)

The order appealed from should be reversed and the matter remitted for further proceedings in accordance with this opinion.

All concur, HALPERN, J., in result. Present — McCURN, P. J., KIMBALL, WILLIAMS, BASTOW and HALPERN, JJ.

Order reversed, without costs of these appeals to either party and matter remitted to the Special Term for a hearing in accordance with the opinion.