■ In the Matter of DONALD JESSEY, Respondent, v NANCY J. EVANS, Appellant.—Appeal from an order of the Family Court of Clinton County, entered May 22, 1978, which modified the visitation rights contained in a judgment of divorce. Petitioner and respondent were granted a divorce on June 1, 1973. The judgment of divorce granted petitioner the right of visitation with the child of the marriage on Saturdays of each week from 9:00 A.M. to 6:00 P.M. The judgment of divorce did not contain a decretal paragraph referring applications to modify the judgment as to support and custody to Family Court. On March 2, 1978, petitioner applied to the Family Court of Clinton County for an order granting him custody of the child of the marriage, or, in the alternative, modifying his visitation rights. At the hearing on the petition, respondent's attorney requested the Family Court Judge to disqualify himself, asserting that there existed a relationship between the Judge and the petitioner within the sixth degree in that a first cousin of the Judge was married to the sister of petitioner's father. This request was denied on the ground that the Judge hardly knew petitioner, was not related by blood, and the relationship, if any, was too remote. Under the circumstances here, the Family Court Judge is not related by consanguinity or affinity to petitioner and, thus, properly refused to disqualify himself on that ground (Judiciary Law, § 14). Respondent also asserted that the Family Court did not have jurisdiction over the subject matter of the proceeding, and moved that the proceeding should be transferred to the Supreme Court, Clinton County. The court denied the motion, stating that the judgment sought to be modified did not state that the Supreme Court alone continued to have jurisdiction over the subject matter, and, accordingly, the Family Court had jurisdiction. In the absence of an order of referral to the Family Court by the Supreme Court of applications relative to custody, or visitation in a matrimonial action, the Family Court does not have jurisdiction over custody or visitation proceedings (Family Ct Act, §§ 115, 447, 651; *Harrington v Harrington,* 60 AD2d 982; *Matter of Bolatin v*

*Bolatin,* 29 AD2d 534, affd 22 NY2d 794). The order of the Family Court should be reversed by reason of the lack of jurisdiction over the subject matter, without prejudice, however, to the bringing of appropriate proceedings in the Supreme Court. Order reversed, on the law, and petition dismissed, without costs and without prejudice to the commencement of appropriate proceedings in the Supreme Court should the petitioner be so advised. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.