■ THOMAS CHIRUMBOLO, JR., Respondent, v THERESA CHIRUMBOLO, Also Known as THERESA WINTER, Appellant. (Appeal No. 1.)—Order unanimously affirmed, without costs, and matter remitted to Wayne County Family Court for further proceedings, in accordance with the following memorandum: The parties were married in July, 1973 and divorced in November, 1976. They have two children. The divorce decree provided, *inter alia,* that respondent have custody of the children and that petitioner pay $40 per week child support. The decree also provided that petitioner have visitation with the children one day per week and that, if the parties were unable to agree upon visitation, either could petition Family Court to fix visitation. From February, 1976 until August, 1977 respondent lived with petitioner's parents. Petitioner, who separated from respondent in June, 1976 visited periodically during this period. Petitioner made a few support payments, then ceased. In 1977 respondent began denying visitation to petitioner and to his parents and, on December 29, 1977, petitioner petitioned Family Court for an order of visitation. On April 5, 1978 petitioner's parents petitioned Supreme Court, Wayne County, pursuant to section 72 of the Domestic Relations Law for a writ of habeas corpus demanding that respondent produce the children so that an order could be granted allowing them visitation. The court issued the writ and made it returnable in Family Court on October 19, 1978, the date set for trial of petitioner's petition. The two matters were tried together and, in a decision dated February 27, 1979, the court determined that it would be in the children's best interests to allow visitation by petitioner and petitioner's parents. In an order dated March 5, 1979 Family Court set up a scheme of visitation for petitioner and ordered that he pay $20 per week child support and $10 per week toward arrearages. Respondent, however, continued to deny visitation to petitioner and to his parents. On April 11, 1979 petitioner obtained an order directing respondent to show cause why she had denied visitation and on April 18, 1979 Family Court ordered that a visitation be allowed on April 22, 1979. Respondent denied visitation to petitioner's parents at that time and on April 24, 1979 they obtained an order directing respondent to show cause why she should not be held in contempt of court. Respondent continued to refuse visitation and petitioner and his parents obtained more orders of enforcement, not all of which are in the record, including an order that support payments be suspended pending a resumption of visitation and an order for respondent's arrest. At some point respondent moved with the two children to Pennsylvania and, on September 18, 1979, petitioner filed a petition for change of custody and obtained an order directing respondent to show cause why custody should not be granted to petitioner. The order also provided that petitioner have temporary custody of the children pending a hearing on the petition. On the same day petitioner went to the school in Pennsylvania where his older daughter was enrolled in kindergarten and removed her. On September 27, 1979, respondent moved to vacate the

September 18, 1979 order granting temporary custody and on September 28, 1979, Family Court denied her motion. This court stayed all proceedings on the matter and returned custody of the children to respondent pending this appeal. Respondent appeals from the order of September 28, 1979 which denied her motion to vacate the September 18, 1979 order awarding petitioner temporary custody and from the March 5, 1979 order which granted visitation to petitioner and petitioner's parents. The September 18, 1979 order denying respondent's motion to vacate should be reversed. Where a Supreme Court divorce decree makes provision for custody of the children, Family Court cannot modify custody absent a referral of the matter by Supreme Court (Harrington v Harrington, 60 AD2d 982; accord Matter of Jessey v Evans, 70 AD2d 673). Here, Supreme Court's referral of matters pertaining to visitation is not sufficient to give Family Court jurisdiction to determine whether there should be a change in custody. The March 5, 1979 order authorizing visitation for petitioner and petitioner's parents should be affirmed. The matter of visitation for petitioner's parents was properly before Family Court because by making the writ of habeas corpus returnable before Family Court, Supreme Court in effect transferred the proceeding to Family Court (Matter of Boscia v Sellazzo, 42 AD2d 781). The matter received a full and fair hearing, and there was no convincing evidence that allowing visitation by the grandparents, with whom the children had resided for more than a year, would be against the children's best interests. Similarly, the court did not abuse its discretion in granting visitation to petitioner. Visitation is always to be premised upon a consideration of the best interests of the children (Finlay v Finlay, 240 NY 429, 433-434); however, denying visitation to a natural parent is a drastic remedy and should only be done where there are compelling reasons (Herb v Herb, 8 AD2d 419), and there must be substantial evidence that such visitation is detrimental to the children's welfare (Farhi v Farhi, 64 AD2d 840; Hotze v Hotze, 57 AD2d 85, mot for lv to app den 42 NY2d 805). Despite petitioner's sporadic work record and his nonsupport of the children for much of the time since the divorce, respondent did not succeed in proving that visitation with petitioner would be harmful to the children. Respondent's final contention that conduct of the Judge during the trial was improper and prejudicial has no support in the record. The matter is remitted to Family Court for appropriate modification of the visitation and support order in consideration of the parties' current circumstances. Failure to abide by court-ordered visitation can result in severe sanctions for criminal contempt and may constitute a basis for a change in custody (Entwistle v Entwistle, 61 AD2d 380, app dsmd 44 NY2d 851). Likewise, abusing visitation by absconding with the children during visitation or disobeying other aspects of the court's order can be considered by a court in deciding whether further visitation is in the children's best interests. Finally, the Uniform Child Custody Jurisdiction Act provides that New York visitation and custody orders are enforceable in any State which has adopted the act (Domestic Relations Law, §§ 75-c, 75-p). (Appeal from order of Wayne County Family Court—custody, visitation.) Present—Cardamone, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.