■ DAVID L. PARKER, Appellant, v CHERYL A. FORD, Respondent. — Order unanimously reversed, without costs, and matter remitted to Onondaga County Family Court for further proceedings in accordance with the following memorandum: In 1980, on his own petition, Family Court adjudicated petitioner to be the father of the infant child born of the relationship between petitioner and respondent. The child is presently four and one-half years old. The order was silent on the issues of support and visitation. Three months later, petitioner commenced the present action for the purpose of having visitation with the child. After a trial of the matter, Family Court dismissed the petition, and from this order petitioner appeals. We reverse. As an adjudicated father, petitioner is entitled to visitation with his daughter (Family Ct Act, § 549; see *Matter of June B. v Edward L.,* 69 AD2d 612, 613; see, also, *Caban v Mohammed,* 441 US 380; *Stanley v Illinois,* 405 US 645). We recently stated the general rule regarding visitation: "Visitation is always to be premised upon a consideration of the best interests of the children (*Finlay v Finlay,* 240 NY 429, 433-434); however, denying visitation to a natural parent

is a drastic remedy and should only be done where there are compelling reasons (*Herb v Herb,* 8 AD2d 419), and there must be substantial evidence that such visitation is detrimental to the children's welfare (*Farhi v Farhi,* 64 AD2d 840; *Hotze v Hotze,* 57 AD2d 85, mot for lv to app den 42 NY2d 805)" (*Chirumbolo v Chirumbolo,* 75 AD2d 992, 993). In dismissing the petition herein, the court based its determination on a finding that petitioner was "unfit" and "a common drunkard". In so doing, the court failed to correlate petitioner's conduct with the best interests of the child. In *Chirumbolo (supra),* we noted that the father's sporadic work record and nonsupport could not be used to justify denying him visitation. Implicit in this holding is the determination that an individual's undesirable personal characteristics and habits cannot be relied on to deny visitation, unless there is a specific finding that the parent's conduct will have a detrimental impact on the child. We recognize that great deference is to be accorded the findings of the nisi prius court (*Matter of Darlene T.,* 28 NY2d 391, 395; *Matter of La Point v Girard,* 74 AD2d 656). We agree, therefore, that petitioner, in view of his drinking habits, was properly denied unsupervised visitation. We cannot say, however, that the record established that visitation in a supervised setting would also be harmful. The court noted that supervised visitation at the home of respondent's parents was unworkable, because of the evident animosity between petitioner and the custodial grandmother and members of her family. The record supports this conclusion. Nevertheless, supervised visitation at some other neutral site, such as a social services agency, may be feasible. It will be up to petitioner to present such a plan. If no neutral site can be found, then visitation will have to be denied, but because of the severity of the result appealed from, we remit the matter to Family Court for further proceedings. (Appeal from order of Onondaga County Family Court, McLaughlin, J. — visitation.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.