■ LEYLAND G. STURM, Appellant, v MARVIN LYDING et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to Niagara County Family Court for further proceedings, all in accordance with the following memorandum: Petitioner Leyland Sturm and his wife Louise were divorced in 1969. Under the terms of the parties' separation agreement, which was incorporated in the divorce decree, custody of their only child, Suzanne, then aged two, was awarded to the mother. Louise died in 1974 and respondents, Suzanne's maternal grandparents, petitioned for her custody. In spite of the fact that petitioner consented to such custody, respondents vigorously opposed his right to visitation. Following a hearing an order was entered granting petitioner biweekly visitation in respondents' home, which right was exercised for approximately two years. Without notifying petitioner, respondents moved with Suzanne, then nine years of age, from their home in Long Island to North Tonawanda. Petitioner was unable to locate his daughter for a period of approximately three years but, upon locating her, immediately commenced a proceeding for enforcement of his visitation rights. That proceeding was terminated as a result of a stipulation entered in June, 1979 in which respondents agreed to visitation at their home. Petitioner made two visits pursuant to the stipulation. Following the first visit, which was apparently successful, Suzanne overheard petitioner arguing with her grandmother over the telephone and thereafter refused visitation with him. Although a second visit did take place shortly after, it was unsuccessful and Suzanne has been unwilling to communicate with petitioner since that time. Petitioner brought this proceeding to enforce the stipulation and to modify its terms so as to provide for visitation in New York City, where he resides. At the hearing the Law Guardian appointed on Suzanne's behalf testified that she is a mature and intelligent young woman and that she has made an independent decision not to exercise her right to visitation with her father. The Law Guardian felt that visitation with petitioner would be in Suzanne's best interest, but that she should not be forced to participate against her will. Family Court, while noting that petitioner had made substantial efforts to exercise his visitation rights, agreed that Suzanne should not be forced to participate in visitation against her will. The court therefore modified the stipulation to permit visitation in New York City but only with Suzanne's co-operation. Petitioner appeals from that determination. We have recently set forth the general rule regarding visitation: " 'Visitation is always to be premised upon a consideration of the best interests of the children (*Finlay v Finlay,* 240 NY 429, 433-434); however, denying visitation to a natural parent is a drastic remedy and should only. be done where there are compelling reasons (*Herb v Herb,* 8 AD2d 419), and there must be substantial evidence that such visitation is detrimental to the children's welfare (*Farhi v Farhi,* 64 AD2d 840; *Hotze v Hotze,* 57 AD2d 85, mot for lv to app den 42 NY2d 805)' (*Chirumbolo v Chirumbolo,* 75 AD2d 992, 993)." (*Parker v Ford,* 89 AD2d 806, 806-807.) The order of Family Court has the practical effect of denying petitioner his right to visitation with his child indefinitely without the requisite showing that visitation would be detrimental to Suzanne's welfare (*Parker v Ford, supra,* p 807; *Farhi v Farhi,* 64 AD2d 840). Although the wishes of a child of Suzanne's age and maturity should be given considerable weight, it was error for Family Court to make petitioner's rights conditional upon the

wishes of his daughter where such provision "tends unnecessarily to defeat the right of visitation" (*Mahler v Mahler,* 72 AD2d 739; *Eylman v Eylman,* 23 AD2d 495). The record makes clear that petitioner. has been diligent in attempting to establish a relationship with his daughter but that he has never had an opportunity to do so outside the presence of the custodial grandparents. It is also apparent that a great deal of hostility exists between petitioner and Suzanne's grandmother and that the latter, although clearly well intentioned and interested in Suzanne's welfare, has impeded petitioner's attempts to establish an ongoing relationship with his daughter. The matter is therefore remitted to Family Court to provide for a trial period of visitation in a neutral setting such as a social service agency under such terms and conditions as determined by the court. (Appeal from order of Niagara County Family Court, Halpin, J. — visitation.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.