■ In the Matter of NATHANIEL T. et al., Appellants. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to Monroe County Family Court for further proceedings, in accordance with the

following memorandum: On this record, Family Court's order which terminated all parental visitation with respondents' two sons "until further order of this court" and limited visitations with respondents' three daughters to one supervised "visit with one (1) child each week for one (1) hour" is unduly restrictive and should be modified. Under these terms, it will indeed be difficult, if not impossible, to rehabilitate and reunite the family unit. Inasmuch as all visitation is supervised, a more frequent visitation schedule would be in the best interests of the children. In determining whether visitation between a parent and child should be suspended, the court is to apply a "best interest of the child" standard. However, it is presumed that parental visitation is in the best interest of the child in the absence of proof that it will be harmful (see *Chirumbolo v Chirumbolo*, 75 ˙AD2d 992; *Farhi v Farhi*, 64 AD2d 840). It is the purpose of the Family Court Act to rehabilitate and reunite families whenever possible. The matter of visitation is therefore remitted to the Family Court for further proceedings (see *Matter of Shawn G.*, 76 AD2d 886). We have considered respondents' other contentions and find them to be without merit. (Appeal from order of Monroe County Family Court, Bonadio, J. — neglect.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.