■ CATHERINE DE PINTO, Respondent, v MICHELE DE PINTO, Appellant. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The court erred in denying without a hearing defendant's application for visitation with his eight-year-old son. We recently restated the general rule regarding visitation: " 'Visitation is always to be premised upon a consideration of the best interests of the children (*Finlay v Finlay,* 240 NY 429, 433-434); however, denying visitation to a natural parent is a drastic remedy and should only be done where there are compelling reasons (*Herb v Herb,* 8 AD2d 419), and there must be substantial evidence that such visitation is detrimental to the children's welfare (*Farhi v Farhi,* 64 AD2d 840; *Hotze v Hotze,* 57 AD2d 85, mot for lv to app den 42 NY2d 805)' (*Chirumbolo v Chirumbolo,* 75 AD2d 992, 993)" (*Parker v Ford,* 89 AD2d 806, 806-807). Here, the court did not correlate its decision to deny visitation to defendant with the

best interests of the child. Accordingly, the matter is remitted for a hearing to determine whether visitation should be permitted and, if so, whether it should be supervised (*Parker v Ford, supra*). (Appeal from order of Supreme Court, Erie County, Broughton, J. — visitation.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.