■ MADELINE JANOUSEK, Respondent, v STANISLAV JANOUSEK, Appellant. — In a matrimonial action, the defendant husband appeals from (1) an order of the Supreme Court, Queens County (Miller, J.), dated May 11, 1984, which, after a hearing, denied his motion, *inter alia,* to modify a judgment of divorce to increase his visitation rights and, *sua sponte,* denied him any further contact with the child, and (2) a judgment of the same court dated May 14, 1984 which, after a hearing, granted the plaintiff wife's motion for an award of arrears for child support and counsel fees, as provided in a prior judgment of divorce, a wage-deduction order to pay the arrears and future child support, and counsel fees.

Judgment affirmed, without costs or disbursements.

Order reversed, without costs or disbursements, and matter remitted to Special Term to a Judge other than the Judge who previously heard this matter for further proceedings in accordance herewith.

In September of 1983, plaintiff was granted a divorce against defendant. The judgment awarded plaintiff child support and counsel fees and made specific provisions for defendant's visitation with the parties' son, who was born in 1978. Shortly thereafter, plaintiff moved for a judgment for arrears due for child support and counsel fees, as well as a wage-deduction order and further counsel fees. In an affidavit in opposition, defendant admitted that he was in arrears, but claimed that he was unable to afford the child support payments and requested a downward modification. He did not contend that he refused to pay the support due to interference with his visitation rights. However, defendant later moved for an order directing plaintiff and her parents to stop interfering with his visitation and telephone contact with the child. He also requested a modification of the visitation provisions of the judgment of divorce, allowing him increased visitation rights.

On March 28, 1984, separate hearings were held for each matter. At the hearing concerning the arrears the court refused to allow defendant to testify about the issue of visitation. After all the testimony, it basically granted plaintiff the relief she requested.

Defendant appeals from the judgment granting the plaintiff's motion, stating that Special Term erred when it refused to allow him to testify concerning visitation. Defendant is correct in stating that visitation and support provisions are dependent (*see, Borax v Borax,* 4 NY2d 113, 116; *Sipos v Sipos,* 73 AD2d 1055). However, in the case at bar, it is clear that defendant's visitation rights were not entirely precluded (*see, Matter of Lee v De Haven,* 87 AD2d 576). In addition, defendant made it clear that he was not withholding payment as a form of self-help to enforce visitation rights. He admitted that he was in arrears and claimed that the reason for his arrears was that he was unable to pay. Thus, Special Term was within its discretion when it limited defendant's testimony. Special Term's issuance of a wage deduction order was also proper, since the evidence indicated that defendant was delinquent on at least three child support payments and had the ability to make the payments (Personal Property Law § 49-b [1] [a]; *Levinson v Levinson,* 97 AD2d 458).

Defendant also objects to the award of counsel fees. Special Term requested that instead of testimony concerning counsel fees, it be supplied with an affirmation by plaintiff's attorney. While ordinarily testimonial or other trial evidence is required to support a claim for counsel fees, so that the relative financial positions of the parties and the value of the counsel's services can be examined (*Entwistle v Entwistle,* 92 AD2d 879), in the case at bar defendant failed to object to the procedure requested by the court, nor did he submit any opposition to the affirmation for counsel fees which was subsequently submitted. He, therefore, waived his right to any further hearing concerning counsel fees and Special Term did not abuse its discretion by awarding counsel fees without hearing testimony (*Lynch v Lynch,* 97 AD2d 814). Accordingly, the judgment is affirmed.

Following the announcement of Special Term's findings at the arrears hearing, plaintiff's attorney informed the court that defendant had just cursed at plaintiff. The court then castigated defendant and threatened to charge him with contempt. It noted that defendant was a parole [*sic*] officer and stated that he brought "dishonor" and "discredit" to the entire court system.

Immediately following this, the hearing on visitation commenced. Plaintiff testified that she was being continually harassed by defendant, that defendant made threats of violence

against her and her parents, that defendant had assaulted her mother, causing bruises on her mother's arm, and that he had threatened to kidnap the child. Throughout her testimony, the court expressed sympathy for plaintiff and anger toward defendant. The court stated that defendant did not act rationally and that it had noticed irrational behavior on the part of defendant on a number of occasions outside the court. It further stated that it doubted that defendant was a good probation officer and repeated that he had brought dishonor to the system.

At the conclusion of the hearing, the court ruled that defendant was a totally unfit father based on his demeanor in the courtroom and, *sua sponte,* modified the divorce judgment, denying defendant all contact with the child. When defendant protested, the court threatened to throw him in jail and stated that his outburst was further proof that he was an unfit father. The court also granted plaintiff a protection order requiring that defendant stay away from plaintiff's home and refrain from offensive conduct toward plaintiff.

It is well settled that a noncustodial parent should have reasonable rights of visitation, and that the denial of such rights is such a drastic remedy that an order doing so should be based on substantial evidence that visitation would be detrimental to the welfare of the child (*see, e.g., Weiss v Weiss,* 52 NY2d 170; *Strahl v Strahl,* 66 AD2d 571, *affd* 49 NY2d 1036; *Chirumbolo v Chirumbolo,* 75 AD2d 992; *Hotze v Hotze,* 57 AD2d 85, *lv denied* 42 NY2d 805). Special Term's order should be reversed as not being based on substantial evidence. While defendant may have threatened to kidnap the child, this alone does not support the denial of a right to visitation (*Kresnicka v Kresnicka,* 42 AD2d 607). The other behavior testified to by plaintiff indicated that defendant was very hostile to plaintiff and her parents. It further indicated that defendant at times acted in an obnoxious and immature manner and that he had a quick temper. However, an individual's personal characteristics cannot be relied on to deny visitation, unless there is a specific finding that the individual's conduct would be detrimental to the child's welfare (*Parker v Ford,* 89 AD2d 806, 807). In the case at bar, no correlation was made between defendant's behavior toward plaintiff and her parents and his behavior toward the child. The record indicates that defendant was a loving father who made regular visits with and/or telephone calls to the child. The testimony reveals that the only complaint that the child made about defendant was that at times his visits were boring. In fact, plaintiff herself stated that she would have no problem with defendant's visitations if he would adhere to the schedule provided in the judgment of divorce. Thus, there was little evidence

that continued contact between defendant and his son would be detrimental to the child's welfare.

The court seemed to base its finding primarily on the fact that at the prior hearing defendant cursed at plaintiff in open court. This conduct was inexcusable and the court might have properly cited defendant for contempt. However, the record indicates that the court overreacted to defendant's conduct and the draconian measures resorted to by the court were unwarranted. The only explanation for the imposition of such a drastic remedy and the court's statements against defendant during the hearings is that as the hearings progressed, the court became influenced by a personal bias against defendant.

For the reasons stated above, the order is reversed. However, in view of the testimony about defendant's temper and his threats to kidnap the child, supervised visitation may be in order. The matter is therefore remitted to Special Term for a hearing before a different Judge to determine the terms and conditions of defendant's visitation and whether such visitation should be supervised. Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.