■ Louis J. Vasile, Respondent, v Marianne B. Vasile, Also Known as Marianne B. Piccirillo, Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The denial of visitation to a noncustodial parent constitutes such a drastic remedy that it should be ordered only when there are compelling reasons, and there must be substantial evidence that such visitation is detrimental to the children's welfare *(De Pinto v De Pinto,* 98 AD2d 985; *Shipp v Gaglia,* 97 AD2d 945; *Parker v Ford,* 89 AD2d 806; *Chirumbolo v Chirumbolo,* 75 AD2d 992, 993; *Farhi v Farhi,* 64 AD2d 840; *Hotze v Hotze,* 57 AD2d 85, *lv denied* 42 NY2d 805). On this record, we find the court abused its discretion by denying defendant visitation with her children, because no evidence was presented to support a conclusion that visitation with defendant is detrimental to the children's welfare. The court based its conclusion that the children were in danger of being harmed when they visited their mother's home on a report that, on one occasion, defendant's boyfriend beat her and made verbal threats to harm the children. The children were not present when the alleged incident occurred. There was no evidence that defendant's boyfriend ever engaged in assaultive behavior toward the children. We also note that defendant's violation of a prior court order prohibiting her boyfriend from returning the children to their father after visitation is insufficient reason to deny her visitation. Visitation may not be denied solely for reasons unrelated to the welfare of the children *(Farhi v Farhi,* 64 AD2d 840, 841).

The visitation arrangements stipulated to between the parties on August 2, 1984 and incorporated into a temporary order of the court dated September 5, 1984 should be reinstated.

We note that the order appealed from and a series of prior orders involving the dispute between the parties are all designated as temporary orders. On the record before us we are unable to determine why there has been no order finally and conclusively determining the custodial and visitation rights of

the parties and the children. We urge the parties and the court to proceed with dispatch to arrive at a final resolution of this matter. Further, applications and hearings in this case shall be conducted before a Justice other than the one from whose order the present appeal is taken. (Appeal from order of Supreme Court, Cayuga County, Contiguglia, J.—visitation.) Present—Callahan, J. P., Doerr, Boomer, Pine and Schnepp, JJ.