■ ROSALIE GOWAN, Also Known as ROSALIE WALLACE, Appellant, v PAUL A. MENGA, Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Ontario County Family Court for further proceedings, in accordance with the following Memorandum: The record supports the determination of Family Court that it is in the best interests of the child that respondent be awarded sole custody (see, Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Gotham v Gotham, 102 AD2d 981, 982). We conclude, however, that the court erred in denying petitioner visitation with the child. It is well established that visitation is a joint

right of the noncustodial parent and child *(see, Weiss v Weiss,* 52 NY2d 170, 175; *Twersky v Twersky,* 103 AD2d 775). We have stated that "[t]he denial of visitation to a noncustodial parent constitutes such a drastic remedy that it should be ordered only when there are compelling reasons, and there must be substantial evidence that such visitation is detrimental to the children's welfare" *(Vasile v Vasile,* 116 AD2d 1021; *see also, De Pinto v De Pinto,* 98 AD2d 985; *Parker v Ford,* 89 AD2d 806). Moreover, "[v]isitation may not be denied solely for reasons unrelated to the welfare of the children" *(Vasile v Vasile, supra,* at 1021). Here, there was no substantial evidence presented to support a conclusion that visitation with petitioner would be detrimental to the child's welfare. Accordingly, we remit the matter to the Family Court, Ontario County, for further proceedings consistent herewith to determine the terms and conditions of petitioner's visitation with the child and, if the court deems it necessary and appropriate, to order a social investigation and conduct a hearing. (Resubmission of appeal from Order of Ontario County Family Court, Henry, Jr., J.—Custody.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.