■ In the Matter of ADAM H. and Another, Infants. [600 NYS2d 406] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: "The denial of visitation to a noncustodial parent constitutes such a drastic remedy that it should be ordered only when there are compelling reasons, and there must be substantial evidence that such visitation is detrimental to the children's welfare" (Vasile v Vasile, 116 AD2d 1021; see also, Gowan v Menga, 178 AD2d 1021, 1022; De Pinto v De Pinto, 98 AD2d 985; Parker v Ford, 89 AD2d 806). There was substantial evidence to support the court's termination of respondent's visitation rights. The record establishes that respondent used excessive physical force on the children, repeatedly disregarded court orders with respect to

visitation and custody, and otherwise used the children as pawns in his battles with his ex-wife.

There is no merit to respondent's contention that the court erred in punishing him for contempt of court by denying him visitation. Although respondent was found in contempt, determination of an appropriate sanction was deferred by the court. The order terminating visitation was based upon the court's finding that continued visitation was inadvisable.

The court erred, however, in making any future application for visitation by respondent subject to psychological evaluation and counseling. Although such conditions could properly be imposed with respect to a pending petition (see, Family Ct Act § 251), the court lacked the authority to impose such a precondition with respect to a future petition (see, Jones v Jones, 185 AD2d 228, 230; Nacson v Nacson, 166 AD2d 510, 511; Schneider v Schneider, 127 AD2d 491, 495, affd sub nom. Paul B. S. v Pamela J. S., 70 NY2d 739).

We, therefore, modify the third ordering paragraph of Family Court's order by striking those portions directing a psychological evaluation and counseling as preconditions to a future petition for visitation. (Appeal from Order of Allegany County Family Court, Feeman, Jr., J.—Visitation.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.