■ In the Matter of DAVID MCCLURE, Respondent, v VERNE ZIMMER, Appellant. [605 NYS2d 107] —In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Barone, J.), dated November 27, 1990, which granted the father "visitation with the subject child, [on] Saturdays from 10:00 A.M. to 2:00 P.M. effective November 10, 1990, until Christmas [1990], [and] thereafter Saturdays from 10:00 A.M. to 6:00 P.M.", and further directed that visitation shall be away from the mother's home.

Ordered that the order is affirmed, without costs or disbursements.

The father commenced this proceeding, seeking unsupervised visitation with his 14-month old son. The Family Court granted the petition and, inter alia, scheduled visitation for the period after Christmas 1990 to be on Saturdays and of eight hours duration, to wit, 10:00 A.M. to 6:00 P.M., away from the mother's home.

The mother has appealed from that order, contending that the child was still being breast-fed, and that the visitation would interfere with the child's breastfeeding. She also claims, for the first time on this appeal, that the order violates her constitutional right to breast-feed her child.

Since the child was born in September 1989 and he would now be four years old, it appears that the issue is academic. In any event, the Family Court's order was proper. After a trial period of successful supervised visitation, the Department of Probation recommended unsupervised visitation. The mother conceded at the hearing, and even on this appeal, that "[t]here is no question that the child can drink from a cup and eat solid food". Thus, there is no evidence that the eight-hour visitation would be detrimental to the child (see, Janousek v

*Janousek,* 108 AD2d 782, 784; *Strahl v Strahl,* 66 AD2d 571, *affd* 49 NY2d 1036). Indeed, the mother testified that she noticed no problems as a result of the child's visitation with the petitioner. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.