RALPH M., Appellant, v NANCY M., Respondent. [721 NYS2d 192] —Appeal from judgment insofar as it dissolved the marriage unanimously dismissed and judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The record supports Supreme

Court's determination that the best interests of the parties' child would be served by awarding sole custody to defendant. We reject the contention of plaintiff that the court erred in considering evidence that he sexually abused the child. That evidence, presented in plaintiff's direct case, was relevant to the child's best interests. We further reject the contention of plaintiff that the doctrine of collateral estoppel precluded the court from finding that he had sexually abused the child because Family Court had previously dismissed a petition by the Onondaga County Department of Social Services alleging child abuse and neglect against him. The doctrine of collateral estoppel does not apply because the issues of custody and visitation in the divorce action are not identical to those of abuse or neglect in the Family Court proceeding, and defendant and the petitioner in the Family Court proceeding do "not share actual or functional identity as parties" (*Matter of Juan C. v Cortines,* 89 NY2d 659, 667). The court did not abuse its discretion in refusing to permit plaintiff to call the child as a witness (*see generally, People v Parks,* 41 NY2d 36, 46; *People v Muldrow,* 273 AD2d 814, 815, *lv denied* 95 NY2d 891) or in denying his request for an in camera interview of the child (*see, Smith v Finger,* 187 AD2d 711, 713-714, *lv dismissed in part and denied in part* 82 NY2d 704). The child was four years old at the time of trial. Nor did the court abuse its discretion in drawing an adverse inference against plaintiff based upon his failure to testify (*see, Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J.,* 87 NY2d 73, 79; *Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141).

Contrary to plaintiff's contention, there was sufficient evidence to support the denial of visitation (*see, Matter of Adam H.,* 195 AD2d 1074). The court erred, however, in conditioning the right of plaintiff to petition for visitation upon his participation in and successful completion of counseling (*see, Gadomski v Gadomski,* 256 AD2d 675, 677; *Matter of Mongiardo v Mongiardo,* 232 AD2d 741, 743). We therefore modify the judgment by striking that part of the third decretal paragraph conditioning the right of plaintiff to petition for visitation upon his participation in and successful completion of a counseling program (*see, Matter of Adam H., supra,* at 1075).

The court did not abuse its discretion in awarding counsel fees to defendant (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). The record supports the awards for child support and child support arrears. Finally, plaintiff may not appeal from that part of the judgment dissolving the marriage on the

ground that the parties lived separate and apart for a period of one year pursuant to a duly executed separation agreement (*see,* Domestic Relations Law § 170 [6]). Plaintiff sought a divorce on that ground in his complaint and stipulated to a divorce on that ground at trial, and thus "he is not an aggrieved party within the purview of CPLR 5511" (*Tongue v Tongue,* 61 NY2d 809, 810). (Appeal from Judgment of Supreme Court, Onondaga County, Tormey, III, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.