■ In the Matter of CAMERON C., an Infant. SENECA COUNTY DIVISION OF HUMAN SERVICES, Respondent; STEPHEN C., Appellant. [723 NYS2d 796] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Seneca County Family Court for further proceedings in accordance with the following Memorandum: Respondent appeals from an order of fact-finding and disposition placing his son in the custody of the child's mother upon a finding that he neglected his son by, inter alia, exposing him to pornography. Family Court specifically found the evidence insufficient to support the allegation that respondent had sexually abused the child. In light of that finding, and based upon our review of the record, we conclude that the court abused its discretion in ordering respondent to make an "admission * * * to the conduct found by the court" and to conduct an apology session with the child as a precondition to respondent's supervised visitation with the child. The key issue in a dispositional hearing is the best interests of the child, and the court must protect

the child from any potential threat of future abuse or neglect. The denial of visitation, however, is a drastic remedy to be employed only where there are compelling reasons for doing so and substantial evidence that visitation will be harmful to the child's welfare (*see, Matter of Rhynes v Rhynes*, 242 AD2d 943; *De Pinto v De Pinto*, 98 AD2d 985). Here, the record does not contain compelling reasons for conditioning the commencement of supervised visitation upon respondent's compliance with certain conditions, nor does it contain substantial evidence that supervised visitation in the absence of respondent's compliance with those conditions would be harmful to the child's welfare. Rather, we conclude that supervised visitation along with the counseling ordered by the court will adequately protect the welfare of the child. We therefore modify the order by vacating the directive that respondent must comply with specified conditions before his supervised visitation may commence, and we remit the matter to Seneca County Family Court to determine an appropriate supervised visitation schedule.

Respondent's remaining contentions are without merit. The child's out-of-court statements were sufficiently corroborated (*see, Matter of Brandy J.*, 236 AD2d 894; *Matter of Jessica N.*, 234 AD2d 970, 971, *appeal dismissed* 90 NY2d 1008) to support the finding of neglect by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]); respondent's Fifth Amendment rights were not violated (*see, Marchetti v United States*, 390 US 39); and the surreptitious tape recording of the child's mother by respondent was properly excluded from evidence (*see,* CPLR 4506). (Appeal from Order of Seneca County Family Court, Bender, J.—Neglect.) Present—Green, J. P., Hurlbutt, Scudder, Burns and Lawton, JJ.