■ Donna M. Murek, Respondent, v Timothy A. Murek, Appellant. (Appeal No. 1.) [738 NYS2d 634] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered October 12, 2000, which, inter alia, granted custody to plaintiff.

■ Donna M. Murek, Respondent, v Timothy A. Murek, Appellant. (Appeal No. 2.) [738 NYS2d 634] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered March 1, 2001, which, inter alia, suspended defendant's visitation and conditioned future applications for resumption of visitation on completion of counseling.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by striking that part of the third ordering paragraph conditioning defendant's future applications for resumption of visitation on completion of counseling and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from two orders determining, inter alia, issues of custody and visitation with the parties' son, who was born in 1990. The first order, entered October 12, 2000, granted sole custody to plaintiff, temporarily suspended defendant's visitation, and dismissed eight motions brought by defendant by order to show cause. The second order, entered March 1, 2001, continued the suspension of defendant's visitation and further ordered that "[d]efendant * * * may request a resumption of visitation upon a showing of completion of counseling for the issues addressed in the Court's Memorandum [decision] dated February 8, 2001."

Contrary to defendant's contention, Supreme Court properly considered the appropriate factors, including the strength of

the relationship between plaintiff and the child, the child's adamant refusal to visit with defendant and strongly expressed desire to remain with plaintiff and the continuity and stability of the existing custodial arrangement in determining that an award of sole custody to plaintiff was in the child's best interests (*see, Fox v Fox*, 177 AD2d 209, 210-211; *see generally, Eschbach v Eschbach*, 56 NY2d 167, 171-173).

Also contrary to defendant's contention, the court did not err in suspending even supervised visitation between defendant and the child (*see, Matter of Adam H.*, 195 AD2d 1074). "The denial of visitation to a parent is a drastic remedy that is warranted only where there are compelling reasons and substantial evidence that such visitation is detrimental to the child's welfare" (*Matter of Mallory v Mashack*, 266 AD2d 907, 907). The court properly determined, based upon the testimony at the hearing and during two separate in camera interviews with the child, that plaintiff had made reasonable efforts to encourage visitation and that forcing visitation would be detrimental to the child's welfare (*see, Matter of Adam H., supra* at 1074-1075; *see generally, Matter of Rhynes v Rhynes*, 242 AD2d 943; *De Pinto v De Pinto*, 98 AD2d 985).

We agree with defendant, however, that the court lacked the authority to condition any future application for resumption of visitation "upon a showing of completion of counseling for the issues addressed" in the court's decision (*see, Matter of Ralph M. v Nancy M.*, 280 AD2d 995, 996; *Matter of Adam H., supra* at 1075; *see also, Schneider v Schneider*, 127 AD2d 491, 495, *affd sub nom. Paul B.S. v Pamela J.S.*, 70 NY2d 739; *Shuchter v Shuchter*, 259 AD2d 1013).

We therefore modify the order in appeal No. 2 by striking that part of the third ordering paragraph conditioning defendant's future applications for resumption of visitation on completion of counseling. Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.