■ In the Matter of JIMMY D. and Another, Infants. WYOMING COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES P.D., Appellant, et al., Respondent. [753 NYS2d 789] —Appeal from an order of Family Court, Wyoming County (Griffith, J.), entered October 29, 1999, which, upon an adjudication of neglect, placed the children with respondent, subject to petitioner's supervision, for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Although the order of disposition in this child neglect proceeding has expired, the appeal by respondent father (respondent) from that order brings up for review the underlying fact-finding order, and he seeks review of the finding therein that he had neglected his two children. Respondent contends that petitioner was collaterally estopped from prosecuting this neglect proceeding pursuant to Family Ct Act article 10 based on a custody proceeding between respondent and the mother of the two children at issue herein because several employees of petitioner were called as witnesses by the mother. We disagree. The trial of the custody matter began the day after the petition in the instant proceeding was filed. There was no identity of issues in the two proceedings (*see Ralph M. v Nancy M.*, 280 AD2d 995, 996), and petitioner did not have a full and fair opportunity to litigate the issue of respondent's neglect in the custody proceeding because it was neither a party to that proceeding nor in privity with any party therein (*see Matter of Juan C. v Cortines*, 89 NY2d 659, 667-668; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). Respondent failed to show that petitioner and the mother shared an "actual or functional identity as parties" or that petitioner controlled the custody litigation (*Juan C.*, 89 NY2d at 667; *see Ralph M.*, 280 AD2d at 996).

We reject the further contention of respondent that there was an impermissible conflict of interest barring petitioner from prosecuting this neglect proceeding. Respondent alleges that the Wyoming County Attorney, who also has a private

practice, represented the mother in an unrelated worker's compensation matter years before the instant neglect petition was filed. Although the record is insufficient for us to determine whether the County Attorney represented the mother or whether in fact his law partner represented her, the record is clear that the County Attorney did not participate in the prosecution of this neglect proceeding. Rather, it was prosecuted by an Assistant County Attorney who did not share an office with the County Attorney. There was no demonstrated actual prejudice and no risk of an abuse of confidence (*see People v English*, 88 NY2d 30, 33-34; *People v Frye*, 129 AD2d 985, *lv denied* 72 NY2d 859), nor was there a showing that the County Attorney had " 'an interest that could be substantially affected by the outcome of the proceeding' " (*Matter of Emory CC.*, 199 AD2d 932, 933, *lv dismissed* 83 NY2d 837, quoting 22 NYCRR former 100.3 [c] [1] [iv] [b]).

Respondent further contends that the County Attorney, who supervised both the Assistant County Attorney prosecuting the instant neglect proceeding and the assigned counsel program in Wyoming County, had an impermissible conflict of interest because he refused payment to respondent's assigned counsel for some of the services rendered on behalf of respondent in the custody proceeding based, inter alia, on the County Attorney's perception that some of those services were unnecessary. It appears that the alleged conflict arises from prosecuting a proceeding while allegedly threatening to penalize respondent's assigned counsel for mounting a vigorous defense for respondent in a related proceeding. Respondent's attorney conceded herein, however, that he "ha[d] not been influenced by this fee dispute." Thus, there is no evidence that the fee dispute had any impact on his representation of respondent herein. Finally, contrary to respondent's contention, the finding of neglect is not against the weight of the evidence (*see Matter of Caleb L.*, 287 AD2d 831, 831-832; *Matter of Catherine KK.*, 280 AD2d 732, 734-735). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.