■ In the Matter of KRISTA I., Respondent, v GREGORY I., Appellant. (And Another Related Proceeding.) [777 NYS2d 808]—

Cardona, P.J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1992 and divorced in 1999. Two children were born during the marriage, Ryan (born in 1995) and Maria (born in 1992). Pursuant to the judgment of divorce, the mother was awarded sole legal and primary physical custody of the children and the father received visitation. In April 2001, the mother commenced this proceeding, pursuant to Family Ct Act article 6, seeking modification of the terms of the father's visitation, alleging child abuse as the requisite change in circumstances. In his answer to the petition, the father included a cross petition seeking an order granting him custody of the children. In June 2001, the Madison County Department of Social Services (hereinafter DSS) commenced a Family Ct Act article 10 neglect and/or abuse proceeding against the father, citing an incident involving Ryan in June 2000 and one involving Maria in March 2001.*

Following a September 2001 hearing on the Family Ct Act article 10 petition, Family Court found that DSS had failed to meet its burden of proof and dismissed the petition. In May 2002, a hearing was held on the parties' custody/visitation peti-

---

* The allegations, as explained in greater detail at the September 2001 hearing, were, first, that the father sexually abused Ryan in June 2000 by fondling his genitals. Second, it was alleged that, in March 2001, following an overnight visitation with the father, Maria, a heavy sleeper, complained that when she woke up her pajamas were unzipped, her bottom was sore and her arm had a scrape on it, even though she did not have either injury when she went to bed the night before. Upon seeing that the child's vaginal/rectal area was red and swollen, the mother took her to the emergency room.

tions. By stipulation, the transcript of the Family Ct Act article 10 hearing was made part of that record. After the hearing, Family Court found that the mother had met her burden of proof and determined that the children's best interests required "no contact with their father until such time as he has taken appropriate steps to address his deviate behavior and can provide the Court with reasonable assurances from one or more qualified professionals that he has completed necessary counseling and/or therapy and that the resumption of his visitation rights will not be harmful to them." The court issued an order granting the mother's modification petition, denying the father's cross petition and, inter alia, suspending the father's visitation. The court also issued an order of protection preventing the father from contacting the children until they reached the age of 18. The father appeals.

Initially, we are unpersuaded by the father's argument that Family Court did not possess the authority to issue an order of protection preventing contact between him and the children until their 18th birthday. While the father contends that his blood relationship to the children would preclude such an order pursuant to Family Ct Act § 1056 (4), the order issued herein was pursuant to Family Ct Act § 656, which poses no bar to an order of protection of this duration against a blood relative. Therefore, inasmuch as Family Ct Act article 6 applies herein (*see e.g. Matter of Stitzel v Brown*, 1 AD3d 826, 826-827 [2003]; *Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]), the order was proper.

Next, the father argues that the doctrine of collateral estoppel barred the mother from alleging the same incidents of abuse as were previously litigated in the Family Ct Act article 10 proceeding. Even if the father had properly preserved that argument, we would find it unavailing. The issues of custody and visitation in this proceeding are not identical to those in the abuse and neglect proceeding (*see Ralph M. v Nancy M.*, 280 AD2d 995, 996 [2001]). Further, it is apparent that the mother and DSS do " 'not share actual or functional identity as parties' " (*id.* at 996, quoting *Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997]; *see Matter of Jimmy D.*, 302 AD2d 892, 892 [2003], *lv denied* 100 NY2d 503 [2003]). Thus, it cannot be said that the mother had a full and fair opportunity to litigate the issue of abuse during the Family Ct Act article 10 proceeding. Furthermore, given that this is not a situation where a second abuse and neglect proceeding under article 10 is citing the same allegations, we cannot agree with the father's contention that the doctrine of res judicata is applicable herein.

Finally, the father contends that the record demonstrates that Family Court was biased against him by, inter alia, asking questions of the witnesses. To the extent that this issue was preserved (*see Glencoe Leather Corp. v Parillo*, 285 AD2d 891, 892 [2001]), we do not agree. It is apparent that the court's questions were intended to help clarify or expedite the matters at hand and, therefore, were not erroneous (*see Matter of Eshale O.*, 260 AD2d 964, 964 [1999]). Nor do we agree that the court, in its decision, referenced improper information. The matters cited were part of the record before Family Court and, thus, appropriate to be considered with respect to the court's determination.

The father's remaining contentions have been reviewed and found unpersuasive.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.