# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**316**
**CAF 10-00836**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF JAMES M. FOX,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ELAINE H. FOX, RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-APPELLANT.

SUSAN GRAY JONES, CANANDAIGUA, FOR PETITIONER-RESPONDENT.

M. KATHLEEN CURRAN, ATTORNEY FOR THE CHILD, CANANDAIGUA, FOR SARA F.

---

Appeal from an order of the Family Court, Ontario County (William F. Kocher, J.), entered March 22, 2010 in a proceeding pursuant to Family Court Act article 6. The order granted sole legal and physical custody of the parties' child to petitioner and suspended the visitation of respondent.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the directive suspending respondent's visitation with the child and as modified the order is affirmed without costs and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following Memorandum: In appeal No. 1, respondent mother appeals from an order granting petitioner father's motion to dismiss her petition for modification of the existing custody order with respect to custody and visitation (consent order) by awarding sole legal and physical custody of the parties' child to the father and suspending the mother's overnight visitation. In appeal No. 2, the mother appeals from an order granting the father's violation petition and the relief sought in his order to show cause by awarding sole legal and physical custody of the child to the father and suspending the mother's visitation with the child in its entirety. We note at the outset that the mother's appeal from the order in appeal No. 1 must be dismissed inasmuch as that order was superseded by the order in appeal No. 2 (*see generally Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). Indeed, Family Court issued the order in appeal No. 2 following the continuation of the hearing upon which the order in appeal No. 1 was based.

With respect to the order in appeal No. 2, we reject the mother's contention that the father failed to establish a change in

circumstances since entry of the consent order to warrant reexamination of the visitation arrangement (*see Matter of Black v Watson*, 81 AD3d 1316, 1317, *lv dismissed in part and denied in part* 17 NY3d 747). The consent order awarded the father sole legal and physical custody of the child and granted the mother two weeknight visits and overnight visitation on alternating Saturdays. The father testified that, since the entry of that order, the mother failed to comply with court-ordered psychiatric treatment, failed to return the child from visitation on one occasion, and filed unfounded child abuse complaints against him. The father further testified that the mother engaged in alienating behavior such as telling the child that she had to choose between the parents and that there could be fires at the father's house while the child was sleeping. We conclude that such testimony, which the court found to be credible, was sufficient to establish the requisite change in circumstances (*see Matter of Howden v Keeler*, 85 AD3d 1561, 1561).

We agree with the mother in appeal No. 2, however, that the court's suspension of the mother's visitation with the child lacks a sound and substantial basis in the record (*see Matter of Lydia C.*, 89 AD3d 1434, 1436). "When making a determination with respect to visitation, the most important factor is the best interests of the child" (*Matter of Balgley v Cohen*, 73 AD3d 1038, 1038), and "[v]isitation may not be denied solely for reasons unrelated to the welfare of the child[ ]" (*Vasile v Vasile*, 116 AD2d 1021, 1021). "In determining whether visitation between a parent and child should be suspended, the court is to apply a 'best interest[s] of the child' standard. However, it is presumed that parental visitation is in the best interest[s] of the child in the absence of proof that it will be harmful" (*Matter of Nathaniel T.*, 97 AD2d 973, 974; *see Matter of Mark C. v Patricia B.*, 41 AD3d 1317, 1318). Thus, "[t]he denial of visitation to a noncustodial parent constitutes such a drastic remedy that it should be ordered only when there are compelling reasons, and there must be substantial evidence that such visitation is detrimental to the child[ ]'s welfare" (*Vasile*, 116 AD2d at 1021; *see Matter of Diedrich v Vandermallie*, 90 AD3d 1511; *Matter of Frierson v Goldston*, 9 AD3d 612, 614).

Here, the record lacks the requisite "substantial evidence" that visitation with the mother is detrimental to the child's welfare (*Vasile*, 116 AD2d 1021; *see Diedrich*, 90 AD3d 1511; *Frierson*, 9 AD3d at 614). The record is clear, and the court specifically found, that the child wished to continue to visit the mother (*cf. Lydia C.*, 89 AD3d at 1436; *Matter of Jacobs v Chadwick*, 67 AD3d 1373). The father testified that he did not observe any odd behavior when the child returned from visitation with the mother, and he acknowledged that the child was generally "happy" to visit her mother. The psychologist acknowledged that the mother loves the child and that the child is "functioning well," and both parents testified that the child is thriving in school. Indeed, the Attorney for the Child told the court at the close of the hearing that she "certainly would never want to recommend that [the child] have no contact with her mother."

We therefore modify the order in appeal No. 2 by vacating the

directive suspending any and all periods of visitation between the mother and the child, and we remit the matter to Family Court to determine an appropriate visitation schedule, which may include supervised visitation (*see Matter of Cameron C.*, 283 AD2d 946, 947, *lv denied* 97 NY2d 606).

We have reviewed the remaining contentions of the mother and conclude that they are without merit.

Entered:  March 16, 2012                              Frances E. Cafarell
                                                     Clerk of the Court