OPINION OF THE COURT
Christine A. Sproat, J.
Respondent Philip B. moves for an order disqualifying the New York State Attorney General’s Office from representing the petitioner in this proceeding on the ground that such representation is improper and precluded because an assistant attorney general was the respondent’s defense attorney in an underlying criminal prosecution.
It is hereby ordered that the respondent Philip B.’s motion for disqualification of the New York State Attorney General’s Office from representing the petitioner is denied.
In the instant Mental Hygiene Law article 10 proceeding, respondent requests that the New York State Attorney General’s Office be disqualified from representing the petitioner. Said request for disqualification is based upon now Assistant Attorney General Jonathan Sennett’s former representation of the respondent in criminal proceedings. The representation of the respondent occurred in 2008 while Mr. Sennett was in private practice. Respondent argues that the prior representation of the respondent in criminal proceedings by Mr. Sennett precludes the entire New York State Attorney General’s Office from representing the State in this civil proceeding. However, “[fit cannot be said that there is a unity of interest among Assistant Attorneys General throughout the State as there presumably is among members of a private law firm, so as to require disqualification” (Advisory Comm on Jud Ethics Op 08-107, 2008 WL 8113239 [2008], quoting Advisory Comm on Jud Ethics Op 98-14 [1998]). It is undisputed that there are approximately 633 attorneys working in the Office of the Attorney General. It is further undisputed that Mr. Sennett works within the Organized Crime Task Force Unit of the Attorney General’s Office in White Plains, New York, and not in the Poughkeepsie, New York, Attorney General’s Office which is handling this matter. In fact, the Organized Crime Task Force does not have personnel in the Poughkeepsie regional office (affirmation of Assistant Attorney General Robert J. Conflitti, Esq. at 2). In addition, the assistant attorney general who is assigned to the instant proceeding, Robert J. Conflitti, Esq., has never met Mr. Sennett and has never had any contact with Mr. Sennett about this matter or any other matter. (Id.) Mr. Sennett
*1044 “is not responsible for the prosecution of the instant proceeding and, . . . the [Attorney General’s Office has] implemented screening procedures which effectively insulate [Mr. Sennett] from participation in the prosecution of [this] matter [ ] . . . Further, the attorney assigned to prosecute this proceeding has averred that he has had no conversations with [Mr. Sennett] and that [Mr. Sennett] is not in any way involved in [this] matter[ ]. Since the record reveals that respondent has failed to demonstrate any actual prejudice or a substantial risk that revealed confidences would be disclosed or used against [him] in the pending matter, disqualification of the entire [Attorney General’s Office] ... is unnecessary” (Matter of Stephanie X., 6 AD3d 778, 780-781 [3d Dept 2004]; see also Matter of Jimmy D., 302 AD2d 892 [4th Dept 2003]).
Accordingly, the respondent’s motion must be denied.