Matter of Avent v Avent (2020 NY Slip Op 00932)





Matter of Avent v Avent


2020 NY Slip Op 00932


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


33 CAF 18-01639

[*1]IN THE MATTER OF JOHN AVENT, PETITIONER-APPELLANT,
v
MARIA AVENT, RESPONDENT-RESPONDENT. 






CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR PETITIONER-APPELLANT.
LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., OLEAN (JESSICA L. ANDERSON OF COUNSEL), FOR RESPONDENT-RESPONDENT.
LYLE T. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Cattaraugus County (Moses M. Howden, J.), entered July 17, 2018 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, petitioner father appeals from an order that dismissed his petition seeking to modify an existing custody order by awarding him visitation with the parties' child. The custody order, which was entered on consent of the parties, granted sole custody to respondent mother and permitted the father, who is incarcerated, to send correspondence to the child. The order also directed, inter alia, that the mother "shall provide said correspondence [to] the minor child as she deems appropriate." Approximately one month after the order was entered, the father filed the instant petition, alleging, among other things, that there had been a change in circumstances because the mother had failed to send him letters or photographs of the child. Family Court granted the mother's motion to dismiss the petition, and we affirm.
"To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (Matter of Gelling v McNabb, 126 AD3d 1487, 1487 [4th Dept 2015] [internal quotation marks omitted]). We reject the father's contention that the mother's alleged failure to send letters or photographs constituted a change in circumstances inasmuch as she was not obligated to send such items under the existing custody order (cf. Matter of Fox v Fox, 93 AD3d 1224, 1225 [4th Dept 2012]). Although "[i]t is presumed that visitation with a noncustodial parent is in the child's best interests, even when that parent is incarcerated" (Matter of Ruple v Cullen, 115 AD3d 1123, 1123 [3d Dept 2014]), the father's petition was insufficient to survive the mother's motion to dismiss, and an inquiry into the best interests of the child was therefore unwarranted (see generally Matter of Perry v Perry, 52 AD3d 906, 907 [3d Dept 2008], lv denied 11 NY3d 707 [2008]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court