■ In the Matter of THOMAS M.F., Respondent-Appellant, v LORI A.A., Appellant-Respondent. In the Matter of LORI A.A., Appellant-Respondent, v THOMAS M.F., Respondent-Appellant. [880 NYS2d 435]—

Appeal and cross appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered May 1, 2008 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the parties' children to petitioner-respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-petitioner mother appeals and petitioner-respondent father cross-appeals from an order that, inter alia, granted sole custody of the parties' two children to the father and granted unsupervised visitation to the mother. The mother failed to preserve for our review her contention

that Family Court erred in admitting hearsay evidence (*see generally Matter of Peter S. v Cheryl A.S.*, 190 AD2d 1038 [1993]) and, in any event, that contention is without merit. "It is well settled that there is 'an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family [Court] Act § 1046 (a) (vi)' . . . where, as here, the statements are corroborated" (*Matter of Mateo v Tuttle*, 26 AD3d 731, 732 [2006]; *see Matter of Stacey L.B. v Kimberly R.L.*, 12 AD3d 1124, 1125 [2004], *lv denied* 4 NY3d 704 [2005]). The father presented medical evidence corroborating the hearsay evidence with respect to an incident in December 2006 in which his daughter was allegedly sexually abused by the mother's former boyfriend, and he presented testimony that the mother's boyfriend was "deceptive" when questioned by the police concerning the incident, also thereby corroborating the hearsay evidence concerning the December 2006 incident (*see generally Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [2008], *lv denied* 12 NY3d 706 [2009]).

Contrary to the further contention of the mother, the court did not abuse its discretion in precluding her from offering allegedly corroborating testimony concerning an incident in September 2007 in which her daughter was allegedly sexually abused by the father's girlfriend. The court properly limited the testimony of the mother's neighbor with respect to that incident because, although the parties' daughter purportedly repeated the accusations to the neighbor that she had previously made to the mother, "the mere repetition of . . . accusation[s] by a child is not sufficient to corroborate his or her prior statement" (*Matter of Jared XX.*, 276 AD2d 980, 981 [2000]; *see Matter of Peter G.*, 6 AD3d 201, 204 [2004], *appeal dismissed* 3 NY3d 655 [2004]).

Finally, we reject the contention of the father on his cross appeal that the court abused its discretion in determining "that the exceedingly restrictive remedy of supervised visitation" with the mother was not in the children's best interests (*Ulmer v Ulmer*, 254 AD2d 541, 542 [1998]). Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.