# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**646**

**CAF 09-02206**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF CURTIS P. HOWDEN,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NAOMI R. KEELER, RESPONDENT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR
RESPONDENT-APPELLANT.

DUKE LAW FIRM, P.C., LAKEVILLE (SUSAN K. DUKE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

BONITA STUBBLEFIELD, ATTORNEY FOR THE CHILD, PIFFARD, FOR GWYNETH H.

-------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Allegany County (Lynn
L. Hartley, J.H.O.), entered March 16, 2009 in a proceeding pursuant
to Family Court Act article 6.  The order, inter alia, granted sole
custody of the parties' child to petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order granting the
father's petition seeking sole custody of the parties' child.
Contrary to the mother's contention, Family Court properly concluded
that the father " 'ma[de] a sufficient evidentiary showing of a change
in circumstances to require a hearing on the issue whether the
existing custody order should be modified' " (*Matter of Hughes v
Davis*, 68 AD3d 1674, 1675).  Here, the mother admitted that she
withheld the child from the father, and the record establishes that
she made numerous unfounded allegations of sexual abuse against the
father (*see e.g. Matter of Tyrone W. v Dawn M.P.*, 27 AD3d 1147, *lv
denied* 7 NY3d 705; *Matter of Darla N. v Christine N.* [appeal No. 2],
289 AD2d 1012).

We further conclude that the court properly determined that it
was in the best interests of the child to award the father sole
custody.  The parties stipulated to the prior custody arrangement
approximately two years and four months prior to the commencement of
this proceeding.  Although "a long-term custodial arrangement
established by agreement should [continue] 'unless it is demonstrated
that the custodial parent is unfit or perhaps less fit' " (*Fox v Fox*,
177 AD2d 209, 211), " '[a] concerted effort by one parent to interfere

with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127). In addition to the mother's admissions with respect to, inter alia, her unfounded allegations of sexual abuse against the father, the record establishes that the mother subjected the child to unnecessary medical examinations. Thus, the court's custody determination, "based upon [its] first-hand assessment of the credibility of the witnesses" (*Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1449 [internal quotation marks omitted]), has a sound and substantial basis in the record and should not be disturbed.

Entered: June 10, 2011                                   Patricia L. Morgan
                                                         Clerk of the Court