# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**94**
**CAF 14-01546**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF ISOBELLA A. AND CAMERON K.
-------------------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                                    MEMORANDUM AND ORDER

ANNA W., RESPONDENT-APPELLANT.
-------------------------------------------------
IN THE MATTER OF CHARLES J.S., II,
PETITIONER-RESPONDENT,

                        V

ANNA W., RESPONDENT-APPELLANT.
-------------------------------------------------
IN THE MATTER OF ANNA W., PETITIONER-APPELLANT,

                        V

CHARLES J.S., II, RESPONDENT-RESPONDENT.
-------------------------------------------------
IN THE MATTER OF SCHAVON R. MORGAN, ESQ., ON
BEHALF OF ISOBELLA A., PETITIONER-RESPONDENT,

                        V

ANNA W., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

EMILY A. VELLA, SPRINGVILLE, FOR PETITIONER-RESPONDENT CHARLES J.S.,
II AND RESPONDENT-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered June 26, 2014 in proceedings pursuant
to Family Court Act article 10 and article 6.  The order, among other
things, awarded custody of Isobella A. to petitioner-respondent
Charles J.S., II.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  These related appeals arise from a neglect proceeding pursuant to Family Court Act article 10 and custody proceedings pursuant to Family Court Act article 6.  In appeal No. 3, respondent mother appeals from an order that, inter alia, adjudged that her children Isobella A. and Cameron K. had been neglected by her.  In appeal No. 1, the mother, the respondent-petitioner therein, appeals from an order granting custody of Isobella to petitioner-respondent Charles J.S., II (Charles), the father of Isobella.  In appeal No. 2, the mother, the respondent-petitioner therein, appeals from an order granting custody of Cameron to respondent Joseph K. (Joseph), the father of Cameron.

To the extent that the mother contends in all appeals that Family Court erred in holding a combined hearing on the petitions, that contention is not preserved for our review (*see generally Matter of Qua'Mel W. [Niaya W.]*, 129 AD3d 1487, 1487; *Matter of Kaylene S. [Brauna S.]*, 101 AD3d 1648, 1648, *lv denied* 21 NY3d 852).  In any event, the proceedings were properly consolidated given "the many common factual and legal issues" (*Matter of Daniel D.*, 57 AD3d 444, 444, *lv dismissed* 12 NY3d 906; *see Matter of Lebraun H. [Brenda H.]*, 111 AD3d 1439, 1439).  In addition, to the extent that the mother contends in all appeals that the court erred in admitting the reports and testimony of a psychologist, that contention is also not preserved for our review (*see Qua'Mel W.*, 129 AD3d at 1487; *Kaylene S.*, 101 AD3d at 1648-1649).

We reject the mother's contention in appeal No. 3 that there was no basis for the finding of neglect.  The evidence established that the mother alienated the children from their fathers, with the result that Isobella was confused whether Charles was her real father.  The mother also interfered with the fathers' visitation with the children and made false allegations against the fathers or their significant others.  Isobella was diagnosed with adjustment disorder and had poor behavior in school as a result of the mother's conduct.  The evidence also established that the mother forced Cameron to lie about Joseph and videotaped him stating those lies.  The court properly determined that the mother's conduct impaired the children's emotional condition or placed them in imminent danger of such impairment (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Ceanna B. [Thawanda C.]*, 105 AD3d 1044, 1044, *lv denied* 21 NY3d 860; *Matter of Kevin M.H. [Kenneth H.]*, 76 AD3d 1015, 1016, *lv denied* 15 NY3d 715).

We reject the mother's contention in appeal Nos. 1 and 2 that the determinations to grant the fathers sole custody of the children do not have a sound and substantial basis in the record.  A court's determination following a hearing that the best interests of the child would be served by such an award is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173), particularly in view of the hearing court's superior ability to evaluate the character and crediblity of the witnesses (*see Matter of Howden v Keeler*, 85 AD3d 1561, 1562; *Matter of Paul C. v Tracy C.*, 209 AD2d 955, 956).  We will not disturb the determinations herein inasmuch as the record establishes that they are the product of the court's "careful weighing of [the] appropriate factors" (*Matter of Pinkerton v Pensyl*, 305 AD2d

1113, 1114), and they have a sound and substantial basis in the record (*see Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1582, *lv denied* 20 NY3d 855).

The mother's contention in appeal Nos. 1 and 2 that the court erred in admitting the hearsay statements of the children is not preserved for our review inasmuch as she did not object to the admission of the psychologist's reports that contained those statements or the vast majority of the hearsay statements at trial (*see Matter of Oravec v Oravec*, 89 AD3d 1475, 1476; *Matter of Thomas M.F. v Lori A.A.*, 63 AD3d 1667, 1667-1668, *lv denied* 13 NY3d 703). Indeed, we note that she even elicited such statements herself. In any event, that contention is without merit because "[i]t is well settled that there is an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family [Court] Act § 1046 (a) (vi) . . . where . . . the statements are corroborated" (*Thomas M.F.*, 63 AD3d at 1668 [internal quotation marks omitted]). Here, some of the statements of the children were corroborated and, to the extent that they were not, any error in allowing them in evidence is harmless because the evidence is otherwise sufficient to support the court's determination (*see Matter of Higgins v Higgins*, 128 AD3d 1396, 1397).

The mother failed to preserve for our review her contention in appeal No. 1 that the Attorney for the Child (AFC) for Isobella should not have substituted her judgment for that of the child or advocated against her wishes (*see Matter of Mason v Mason*, 103 AD3d 1207, 1207-1208). In any event, that contention is without merit inasmuch as Isobella was five and six years old at the time of these proceedings, and the evidence showed that "the child lack[ed] the capacity for knowing, voluntary and considered judgment, or that following the child's wishes [was] likely to result in a substantial risk of imminent, serious harm to the child" (*id.* at 1208 [internal quotation marks omitted]). Indeed, the evidence establishes that, if the AFC followed the child's wishes, that "would be tantamount to severing her relationship with her father" (*Matter of Viscuso v Viscuso*, 129 AD3d 1679, 1680 [internal quotation marks omitted]).

Entered:  February 5, 2016                          Frances E. Cafarell
                                                     Clerk of the Court