# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1356**
**CAF 14-01002**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MARIA M. GUILLERMO,
PETITIONER-APPELLANT,

                      V                                   MEMORANDUM AND ORDER

DOMINGO A. AGRAMONTE, RESPONDENT-RESPONDENT.
-------------------------------------------------
STEPHANIE N. DAVIS, ESQ., ATTORNEY FOR THE
CHILDREN, APPELLANT.
-------------------------------------------------
IN THE MATTER OF DOMINGO A. AGRAMONTE,
PETITIONER-RESPONDENT,

                      V

MARIA M. GUILLERMO, RESPONDENT-APPELLANT.
-------------------------------------------------
STEPHANIE N. DAVIS, ESQ., ATTORNEY FOR THE
CHILDREN, APPELLANT.
-------------------------------------------------
IN THE MATTER OF DOMINGO A. AGRAMONTE,
PETITIONER,

                      V

MARIA M. GUILLERMO, RESPONDENT.

---

CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

STEPHANIE N. DAVIS, ATTORNEY FOR THE CHILDREN, OSWEGO, APPELLANT PRO SE.

PAUL M. DEEP, UTICA, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

---

    Appeals from an order of the Family Court, Oneida County (Julia M. Brouillette, R.), entered May 8, 2014 in proceedings pursuant to Family Court Act articles 6 and 8. The order, among other things, awarded Domingo A. Agramonte sole legal custody of the subject children.

    It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth, sixth,

seventh, and eighth ordering paragraphs, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum:  Petitioner-respondent mother commenced this proceeding seeking to modify a prior order of custody and visitation. She appeals from an order that, following a hearing, granted respondent-petitioner father's cross petition by awarding him sole custody of the parties' children, with supervised visitation to the mother.  Contrary to the mother's contention, Family Court properly granted the cross petition.  "A party seeking a change in an established custody arrangement must show 'a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417). Although the court did not specifically address whether the mother established a change in circumstances, its determination that the mother failed to establish that sole custody should be granted to her, rather than to the father, "is the product of 'careful weighing of [the] appropriate factors' . . . , and it has a sound and substantial basis in the record" (*Matter of McLeod v McLeod*, 59 AD3d 1011, 1011; *see Matter of Gugino v Tsvasman*, 118 AD3d 1341, 1342; *Fox v Fox*, 177 AD2d 209, 211).  Likewise, although the court did not specifically address whether the father established a change in circumstances, we conclude that the father established the requisite change in circumstances (*see Matter of John P.R. v Tracy A.R.*, 13 AD3d 1125, 1125).

We reject the mother's further contention that the court's evidentiary rulings with respect to the audio recordings made by a police detective contemporaneously with his investigation of allegations of a sexual assault against one of the children violated her Sixth Amendment Confrontation Clause and Due Process rights under the New York and United States Constitutions.  Family Court matters are civil in nature and the Confrontation Clause applies only to criminal matters (*see Matter of Q.-L. H.*, 27 AD3d 738, 739).  The mother failed to preserve for our review her contention that the court erred in admitting hearsay evidence in the form of a detective's audio recording containing, inter alia, statements by the mother (*see Matter of Thomas M.F. v Lori A.A.*, 63 AD3d 1667, 1668, *lv denied* 13 NY3d 703) and, in any event, that contention is without merit.

We agree with the mother, however, that the court erred in admitting the audio recording of the confession of the perpetrator of a sexual assault against one of the children.  The relevant issue before the court was not the guilt or innocence of the perpetrator. Rather, it was the mother's lack of cooperation with the investigation into that crime, and her obstruction of law enforcement investigation efforts, that was relevant.  We conclude, however, that the error is harmless inasmuch as it does not appear from the court's decision that the court relied on the recording (*see Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401-1402, *lv denied* 21 NY3d 862).

The mother correctly concedes that she failed to preserve her contention that the court erred in admitting evidence concerning the

perpetrator's youthful offender status because such disclosure violated the confidentiality requirements of CPL 720.35. In any event, we conclude that the mother lacks standing to challenge the unauthorized disclosure (*see generally Soucie v County of Monroe*, 736 F Supp 33, 35).

We reject the mother's further contention that the order, including the requirement that visitation be supervised, is not supported by a sound and substantial basis in the record. We conclude that the court properly determined that there was a substantial change in circumstances that warranted modification of the existing joint custody order in the best interests of the children. It is well settled that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744; *see Matter of Green v Bontzolakes*, 83 AD3d 1401, 1402, *lv denied* 17 NY3d 703). Here, the record establishes, inter alia, the mother's obstruction of law enforcement efforts to investigate a sexual assault against one of the children, her attempts to sabotage the father's relationship with the children, and her placement of her own needs above those of the children (*see Matter of Howell v Lovell*, 103 AD3d 1229, 1231-1232; *Matter of Krywanczyk v Krywanczyk*, 236 AD2d 746, 747). We thus conclude that the determination of the court has a sound and substantial basis in the record and should not be disturbed (*see Matter of Ingersoll v Platt*, 72 AD3d 1560, 1561).

We agree with the mother and the Attorney for the Children that the provisions of the order limiting the mother's visitation to supervised telephone access one day per week for a maximum of 20 minutes, and to a minimum of three hours of supervised visitation per month was unduly restrictive and thus not in the best interests of the children (*see Matter of Nathaniel T.*, 97 AD2d 973, 974). We therefore modify the order by vacating the visitation schedule, and we remit the matter to Family Court to determine a more appropriate supervised visitation schedule (*see generally Matter of Fox v Fox*, 93 AD3d 1224, 1226). We further agree with the mother that the court improperly delegated its authority to the father to determine the location of the supervised visitation, the person or persons to supervise the mother's visitation, and whether any additional family members may attend visitation with the mother (*see generally Matter of Green v Bontzolakes*, 111 AD3d 1282, 1284). We therefore further modify the order by vacating those provisions, and we remit the matter to Family Court for the additional purpose of determining the location of supervised visitation, the supervisor or supervisors of the visitation, and whether additional family members, if any, may accompany the mother to visitation.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court