Matter of Ramon F. (Wilson F.) (2019 NY Slip Op 04852)





Matter of Ramon F. (Wilson F.)


2019 NY Slip Op 04852


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


676 CAF 18-00732

[*1]IN THE MATTER OF RAMON F. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; WILSON F., RESPONDENT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (ANDREW KLEEHAMMER OF COUNSEL), FOR PETITIONER-RESPONDENT.
TANYA J. CONLEY, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered March 7, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that, inter alia, terminated his parental rights pursuant to Social Services Law
§ 384-b based on a determination that he had violated the terms of a suspended judgment that had been entered upon a finding of permanent neglect. We affirm.
Contrary to the father's contention, Family Court did not violate his due process rights by admitting in evidence two documents purportedly authored by a non-testifying psychiatrist. Although the father's contention is framed in terms of a violation of his right to confront the witnesses against him, "Family Court matters are civil in nature and the Confrontation Clause applies only to criminal matters" (Matter of Guillermo v Agramonte, 137 AD3d 1767, 1768 [4th Dept 2016]). In addition, while every litigant has a right, guaranteed by the Due Process Clauses of both the Federal and State Constitutions, to confront the witnesses against them (see generally Matter of Cecilia R., 36 NY2d 317, 320 [1975]; Matter of Ana Maria Q., 52 AD2d 607, 607 [2d Dept 1976]), "this right is not absolute" in civil actions (Matter of Raymond Dean L., 109 AD2d 87, 88 [4th Dept 1985]). The Family Court Act permits the admission of hearsay at dispositional hearings if such evidence is "material and relevant" (§ 624; see Matter of Blake T.L. [Robert L.], 141 AD3d 525, 526 [2d Dept 2016], lv denied 28 NY3d 906 [2016]; Matter of Janasia H. [Ebony H.], 71 AD3d 1524, 1525 [4th Dept 2010], lv denied 15 NY3d 701 [2010]). Here, because the father did not object to either the relevancy or materiality of the challenged exhibits, we conclude that the exhibits were properly admitted in evidence (see § 624).
In any event, we conclude that any purported error in admitting the challenged exhibits is harmless inasmuch as it does not appear from the court's decision that the court relied on the challenged exhibits in determining that it would be in the best interests of the child to terminate the father's parental rights (see Matter of Chloe W. [Amy W.], 148 AD3d 1672, 1673-1674 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; Guillermo, 137 AD3d at 1769).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court