Matter of Ballard v Piston (2019 NY Slip Op 09145)





Matter of Ballard v Piston


2019 NY Slip Op 09145


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1085 CAF 18-00252

[*1]IN THE MATTER OF MARY MARGARET BALLARD, PETITIONER-RESPONDENT-APPELLANT,
v
CHRISTOPHER JAMES PISTON, RESPONDENT-PETITIONER-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT. 
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA KONST OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT.
KIMBERLY M. SEAGER, FULTON, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered January 24, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded respondent-petitioner sole legal and primary physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order that, inter alia, awarded respondent-petitioner father sole legal and primary physical custody of the parties' children and directed that the mother's parenting time be supervised "at such times and locations as the Petitioner Mother and Respondent Father mutually agree." We reject the mother's contention that Family Court erred in its custody and visitation determinations.
It is well settled that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Bryan K.B. v Destiny S.B. [appeal No. 1], 43 AD3d 1448, 1449 [4th Dept 2007] [internal quotation marks omitted]; see Graves v Huff [appeal No. 2], 169 AD3d 1476, 1476 [4th Dept 2019]). Here, the record establishes that the mother made multiple unfounded allegations of sexual abuse against the father, among other people, and that she subjected the parties' oldest child to repeated unnecessary physical examinations by numerous individuals (see Matter of Howden v Keeler, 85 AD3d 1561, 1562 [4th Dept 2011]). We thus conclude that the court's custody and visitation determinations, including the requirement that the mother's visitation be supervised until she completes a counseling program, have a sound and substantial basis in the record and should not be disturbed (see id.; see also Matter of Guillermo v Agramonte, 137 AD3d 1767, 1769 [4th Dept 2016]).
Contrary to the mother's contention, the court properly determined that joint legal and physical custody was not appropriate inasmuch as "the parties have an acrimonious relationship and are unable to communicate with each other in a civil manner" (Benedict v Benedict, 169 AD3d 1522, 1523 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]). We also reject the mother's contention that she was denied effective assistance of counsel when her attorney failed to request that the mother be granted sole legal and primary physical custody of the children. The mother has failed to [*2]"demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015] [internal quotation marks omitted]; see Matter of VanSkiver v Clancy, 128 AD3d 1408, 1408 [4th Dept 2015]). In our view, the mother's attorney "was both competent and zealous" (Matter of Sullivan v Sullivan, 90 AD3d 1172, 1175 [3d Dept 2011]), as evidenced by the fact that he called relevant witnesses, vigorously cross-examined other witnesses, and made appropriate objections (see Matter of Nagi T. v Magdia T., 48 AD3d 1061, 1062 [4th Dept 2008]; see also Matter of Donald G. v Hope H., 160 AD3d 1061, 1065 [3d Dept 2018]).
The mother failed to preserve for our review her contention that she was denied a fair hearing due to the court's excessive examination of her (see Matter of Wright v Perry, 169 AD3d 910, 912 [2d Dept 2019], lv denied 33 NY3d 906 [2019]). In any event, that contention lacks merit (see Matter of Emily A. [Gina A.], 129 AD3d 1473, 1474 [4th Dept 2015]).
Finally, we reject the mother's contention that the court improperly delegated its authority to determine visitation when it failed to set forth a visitation schedule in the order. "Although [a] court cannot delegate its authority to determine visitation to either a parent or a child' . . . , it may order visitation as the parties may mutually agree so long as such an arrangement is not untenable under the circumstances" (Matter of Kelley v Fifield, 159 AD3d 1612, 1613 [4th Dept 2018]). Although the parties have an acrimonious relationship, the evidence at the hearing established the father's commitment to ensuring contact between the children and their maternal relatives, including the mother (see Matter of Samuel v Sowers, 162 AD3d 674, 675 [2d Dept 2018]). Inasmuch as the mother's visitation will be supervised, any concerns about future false allegations has been alleviated. We thus conclude that the arrangement was not "untenable under the circumstances" (Kelley, 159 AD3d at 1613). Should the mother find that she is unable to obtain visitation pursuant to the order, she "may file a petition seeking to enforce or modify the order" (Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court